**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

LAREGINALD JONES,                      :
                                       :
                      Plaintiff,       :
                                       :        NO. 1:14-CV-116 (WLS)
            VS.                        :
                                       :
Officer CASSEUS, *et al.*,             :
                                       :
                      Defendants       :

_____

**O R D E R**

Plaintiff **LAREGINALD JONES**, an inmate at the Dougherty County Jail ("DCJ"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1).

By Order dated September 22, 2014 (Doc. 7), the Court granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee.   Plaintiff is nevertheless obligated to pay the Court's $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).   The account custodian at the DCJ shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full.   The Clerk of Court is directed to send a copy of this Order to the account custodian at the DCJ.

In its September 22nd Order, the Court also directed Plaintiff to supplement his

complaint, which he has done (Doc. 8).   The allegations in Plaintiff's original complaint and supplement are addressed below.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff was paroled from state prison on February 28, 2011. On March 3, 2011, Plaintiff was pulled over while driving a car he had borrowed from a friend. Plaintiff was not wearing a seat belt and did not have a valid driver's license. According to Plaintiff, Defendant Officers Casseus, Jenkins, and George Camp conducted a warrantless search of

the car Plaintiff was driving and found several bags of marijuana.   Plaintiff was taken to the Dougherty County Jail, where Defendant Officers Jerry Fulmer & John Doe interviewed him.   Following the interview, Plaintiff was placed under arrest and charged with possession of marijuana with intent to distribute and violation of his parole.

Plaintiff was arraigned on March 4, 2011.   Also on that day, Plaintiff's friend confessed that the marijuana found in her car belonged solely to her, not to Plaintiff. Defendant Parole Officer Chris Walker recommended revocation of Plaintiff's parole, notwithstanding that Walker heard Plaintiff's friend's confession.   Plaintiff's parole was revoked, apparently in March 2011, and he was returned to prison until March 2012.

On April 18, 2014, the marijuana charge against Plaintiff was dropped.

Plaintiff filed this action against the above named Defendants on August 7, 2014, seeking damages for false arrest and imprisonment, malicious prosecution, and denial of substantive due process.

## III.  DISCUSSION

### A.  False Arrest and Imprisonment

The length of the statute of limitations for filing a section 1983 claim is controlled by state law.   *Wilson v. Garcia*, 471 U.S. 261 (1985).   In Georgia, the limitations period for a section 1983 claim is the two-year statute for personal injury claims codified at O.C.G.A. § 9-3-33.   *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date the claim accrues, which is when the

statutory period begins to run.   ***Rozar v. Mullis***, 85 F.3d 556, 561 (11th Cir. 1996).

A claim seeking damages for false arrest and imprisonment accrues when the victim becomes held pursuant to legal process or, if earlier, when the victim is released.   ***Wallace v. Kato***, 549 U.S. 384, 389-91 (2007); ***Heck v. Humphrey***, 512 U.S. 477, 484 (1994) (false arrest claims "'cover the time of detention up until the issuance of process or arraignment, but not more'").   Any claim arising out of confinement beyond institution of legal process is a claim for malicious prosecution, ***Wallace***, 549 U.S. at 392, which accrues when the prosecution terminates in the criminal defendant's favor.   ***Burgest v. McAfee***, 2008 WL 344485 (11th Cir. Feb. 8, 2008); ***Whiting v. Traylor***, 85 F.3d 581, 585-86 (11th Cir. 1996).

Plaintiff's false arrest and imprisonment claim is barred by the two-year statute of limitations.[1]   Plaintiff received legal process on March 4, 2011, when he appeared at his arraignment.   His complaint is dated August 15, 2014, more than two years thereafter.

### B.   *Malicious Prosecution*

To state a section 1983 claim for malicious prosecution, Plaintiff must allege the elements of a common law malicious prosecution claim and "a violation of his Fourth Amendment right to be free from unreasonable seizures."   ***Grider v. City of Auburn, Ala.***, 618 F.3d 1240, 1256 (11th Cir. 2010).   The elements of a malicious prosecution claim by a Georgia plaintiff are as follows:   "(1) a criminal prosecution instituted or

---

[1]   Plaintiff does not appear to challenge the warrantless search of the car he was driving.   Any such claim would likewise be barred by the statute of limitations.

continued by the [Section 1983] defendant, (2) with malice and without probable cause, (3) that terminated in the [Section 1983] plaintiff's favor, (4) that caused damage to the [Section 1983] plaintiff, and (5) that resulted in unreasonable seizure of the [Section 1983] plaintiff." *Smith v. Mercer*, __ F. App'x __, 2014 WL 4977332 (Sept. 30, 2011) (*citing Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003)). "[T]he existence of probable cause defeats a § 1983 malicious prosecution claim." *Grider*, 618 F.3d at 1256.

Even if Plaintiff's arrest on the marijuana charge were without probable cause, which does not appear to be the case, Plaintiff suffered no damage as a result of that charge. Plaintiff was sent back to prison based upon the other charge arising out of his March 2011 arrest -- that he violated his parole. *See Sevostiyanova v. Cobb County of Georgia*, 569 F. App'x 666 (11th Cir. June 13, 2014) (holding that plaintiff's valid arrest and conviction on one charge precluded her suffering damages as a result of another charge arising from the same arrest). Because Plaintiff has not successfully challenged his parole revocation, he cannot attack such revocation in a section 1983 action. *See Heck*, 512 U.S. at 486-87 ("To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to parole revocations). Plaintiff thus has not alleged a

colorable malicious prosecution claim.

### C.   Substantive Due Process

Plaintiff summarily alleges a claim for violation of his substantive due process rights.   There is, however, "no substantive due process right to be free from malicious prosecution without probable cause."   *Rehberg v. Paulk*, 611 F.3d 828, 853 (11th Cir. 2010) (*citing Albright v. Oliver*, 510 U.S. 266, 274 (1994)).

## IV.   CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted

**SO ORDERED**, this   __18[th]__   day of November, 2014.


/s/      W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE